UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAMAL MROUE,<br><br>      Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. and<br>HOVERBOARD LLC,<br><br>      Defendants. | C.A. NO. _____ |

## NOTICE OF REMOVAL

**TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Defendant Amazon.com, Inc. ("Amazon") hereby gives notice of the removal of the above-captioned matter from the Hingham District Court, Plymouth County, in the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446. In support of this Notice for Removal ("Notice"), Amazon states as follows:

### INTRODUCTION

1. Amazon is a defendant in a civil action filed in the Hingham District Court, Plymouth County, in the Commonwealth of Massachusetts, captioned *Kamal Mroue v. Amazon.com, Inc. and Hoverboard LLC,* Civil Action No. 1858CV000462.

2. Plaintiff Kamal Mroue ("Plaintiff") filed this action against Amazon and defendant Hoverboard LLC (collectively, the "Defendants") to recover damages for injuries he allegedly suffered while using the hoverboard which jerked, causing him to fall to the ground. (*See* Plaintiff's Complaint ("Compl."), at ¶ 4 and Statement of Damages form, attached hereto as Exhibit 1).

Plaintiff asserts claims for negligence, breach of warranty and failure to warn against the Defendants related to the design, manufacture, sale and distribution of the hoverboard. (Id.). Plaintiff alleges that as a result of the Defendants' actions, he sustained "severe and serious personal injuries" and suffered "great pain of body and mind, incurred medical bills, and impairment of earning capacity" as a result of his injuries. (Id., at ¶¶ 5-6). Plaintiff seeks to recover for an alleged broken femur, hip and elbow. (Id.). Plaintiff's Statement of Damages form includes $66,605.31 in documented medical expenses. (Id.).

3. The underlying action is one in which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Amazon pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship, the amount in controversy exceeds $75,000, Amazon's Notice was timely filed and venue is proper in this district.

## TIMELINESS OF REMOVAL

4. According to the docket, Plaintiff's Complaint was filed in the Hingham District Court on December 5, 2018 and Amazon was served with a Summons and Complaint on December 21, 2018. (Ex. 1). Therefore, this Notice is filed within 30-days after receipt by Amazon of a copy of the Summons and Complaint in this matter and is timely under 28 U.S.C. § 1446(b).

## DIVERSITY OF CITIZENSHIP

5. Plaintiff is a citizen of the Commonwealth of Massachusetts residing in Norwood Norfolk County, Massachusetts. (Ex. 1, Compl., at ¶ 1).

6. Defendant Hoverboard LLC ("Hoverboard") is a limited liability company organized in the state of Delaware with a principal place of business in the state of Arizona whose only member is Super Transcontinental Holdings, LLC and whose Manager is Emmett Mitchell. (Ex. 1, at ¶ 2; Exhibit 2, Consent to Removal, Exhibit A, Arizona Corporation Commission's

corporate public records for Hoverboard, including Application for Registration). Super Transcontinental Holdings, LLC is a limited liability company incorporated in Delaware with a principal place of business in the state of Arizona whose only member is Jason Hope who resides in Scottsdale, Arizona. (Ex. 2, Consent to Removal, Exhibit B, Delaware Department of State, Division of Corporations' corporate public records for Super Transcontinental Holdings, LLC). The citizenship of a limited liability company for purposes of diversity jurisdiction is determined by the citizenship of all of its members at the time the lawsuit is filed. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55 (1st Cir. 2006) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 188-190 (1990)). If a member of an LLC is another LLC, then the citizenship of every member of that LLC also needs to be taken into account. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016). Therefore, Hoverboard is deemed a citizen of Delaware and Arizona for jurisdiction purposes.

7.   Amazon is a Delaware corporation with a principal place of business in the state of Washington. (Ex. 1, Compl., at ¶ 3). A corporation is deemed a citizen of the state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Therefore, Amazon is deemed a citizen of Delaware and Washington for jurisdiction purposes. Accordingly, complete diversity of citizenship exists under 28 U.S.C. § 1332

**AMOUNT IN CONTROVERSY**

8.   Removal is proper if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). In personal injury cases, the allegations in the plaintiff's complaint concerning his or her injuries may be taken into account in judging whether there is a realistic prospect of a judgment exceeding the jurisdictional minimum. *See, e.g.*, Stewart v. Tuperware Corp., 356 F.3d 335, 338 (1st Cir. 2004); Chin v. Holiday Cruises II, Inc., 141 F.R.D. 367 (D. Mass. 1992).

9. Here, Plaintiff seeks to recover for an alleged broken femur, hip and elbow and claims that he sustained "severe and serious personal injuries" and suffered "great pain of body and mind, incurred medical bills, and impairment of earning capacity" as a result of his injuries. (Ex. 1, Compl., at ¶¶ 5-6). Plaintiff claims to have incurred $66,605.31 in documented medical expenses, as set forth in his Statement of Damages form. (Id.). The majority of Plaintiff's medical expenses to date have been incurred as a result of hospital expenses - $51,918.71 of the total $66,605.31 claimed in his Statement of Damages form. (Id.). Plaintiff has failed to document any reasonably anticipated future medical and hospital expenses or lost wages although it is reasonable to expect that he will pursue such further medical treatment for his injuries. Given the serious nature of the Plaintiff's alleged injuries, the likelihood of further medical treatment and the fact that he could recover in excess of $75,000, the amount in controversy exceeds the sum of $75,000.

10. Plaintiff alleges special damages in excess of $66,000, which does not account for any pain and suffering or other unliquidated damages, so this figure has no limiting effect whatsoever on how much Plaintiff may recover in this case. Therefore, the Court is not bound by Plaintiff's representation regarding his alleged damages and may use its own judicial experience and common sense to determine whether the potential damages exceed $75,000. Chin, 141 F.R.D. at 370 (finding that plaintiff, who suffered a slip and fall, and alleged in her complaint severe injuries resulting in permanent disability, met the amount in controversy even though the cover sheet listed only $1,755 in medical expenses); Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62 (D.R.I. 2002) (holding amount in controversy was satisfied based on the complaint's description of the plaintiff's injuries and medical treatment, despite the lack of any specific information about the cost of such treatment).

## VENUE

11.     Removal shall be to the "district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a). The United States District Court for the District of Massachusetts is the federal judicial district encompassing the Hingham District Court, Plymouth County, where this action was originally filed. Therefore, venue is proper in this district under 28 U.S.C. § 1441(a).

## CONSENT AND JOINDER

12.     Hoverboard consents to and joins in this removal, which is evidenced in the attached Notice of Consent to Removal. (*See* Exhibit 2).

## NOTICE OF REMOVAL

13.     A copy of this Notice was filed with the Clerk of the Hingham District Court and served upon counsel of record for the Plaintiff and Hoverboard pursuant to 28 U.S.C. § 1446(d). (*See* Exhibit 3).

## STATE COURT RECORD

14.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon the Defendants, including the docket sheet and all documents filed in this case, are attached hereto as Exhibit 1.

15.     Certified or attested copies of all records, proceedings and docket entries from the state court file will be filed with this Court within 28 days after filing this Notice pursuant to Local Rules 5.4(F) and 81.1(a).

WHEREFORE, Amazon prays for the removal of the above-captioned matter from the Hingham District Court, Plymouth County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

AMAZON.COM, INC.

By its Attorneys,

CAMPBELL CONROY & O'NEIL, P.C.,

/s/ Christopher R. Howe
James M. Campbell (BBO #541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
1 Constitution Wharf, Suite 301
Boston, MA 02129
Tel: (617) 241-3000
Fax: (617) 241-5115

**CERTIFICATE OF SERVICE**

I, Christopher R. Howe, counsel for defendant Amazon.com, Inc., hereby certify that on January 22, 2019, the foregoing Notice of Removal was electronically filed with the Court using the Court's electronic filing system (ECF), which will send notice of such filing to all counsel of record. The foregoing document was also served by first class mail, postage pre-paid, on all parties of record.

/s/ Christopher R. Howe
Christopher R. Howe